## ROSENHOUSE, et al v. MIAMI TRANSIT CO., et al.

Circuit Court, Dade County.
February 16, 1952.

———●———

Rosenhouse & Rosenhouse, M. H. Rosenhouse, David B. Newsom and Henry G. Simmonite, all of Miami, for plaintiffs.

Worley, Gautier & Dawes, Lee M. Worley, Miami, for Miami Transit Co.

Loftin, Anderson, Scott, McCarthy & Preston, Paul R. Scott, William S. Frates, Miami, for Miami Beach Railway Co.

J. W. Watson, Jr., City Attorney, and Yonge, Whiteside & Prunty, T. A. Whiteside, Miami, for City of Miami.

Ben Shepard, City Attorney, for City of Miami Beach.

J. N. MORRIS, Circuit Judge.

There can be no question but that the failure of a public transportation company to function will cause the public, which is dependent upon its proper functioning, to suffer nor can there be any doubt but that the courts have power in a proper case made before the court to take jurisdiction of a complaint of the public to remedy the evil; but before the court can act, the complaint must be properly brought before the court with allegations made sufficiently definite to enable it to act properly and all parties affected should be protected.

In this case the plaintiffs, citizens on their own behalf and on behalf of the public, have filed a bill for a declaratory decree and the appointment of a receiver. The bill sets forth that the defendants' transportation companies are operating under franchises granted by the defendant, city of Miami and city of Miami Beach, respectively, and that the transportation companies are not functioning, to the great damage of the public; that because of a controversy between the transportation companies and their employees a dispute has arisen as to compensation to which the employees are entitled.

It is prayed that the court enter a declaratory decree fixing and declaring the rights and duties of the public, the cities of Miami and Miami Beach, the transportation companies, and the employees of the companies and that a receiver be appointed pending the hearing to operate the systems at a wage to be fixed in the order appointing the receiver.

The franchises referred to in the bill are neither of them set forth nor are the terms or provisions thereof alleged. The duties of the transportation companies to the public must of necessity be fixed, subscribed or determined, at least in a measure, by the terms of the franchises. It must be readily seen, therefore, that a court could not declare by decree or judgment with any fairness or certainty the rights and privileges of the transportation companies, the cities involved, the employees or the public without benefit of more definite allegations than are contained in the bill.

Section 87.01 F.S.A., in part, provides:

> "The circuit courts of the State of Florida are hereby invested with authority and original jurisdiction and shall have the power upon a filed bill of complaint, declaration, petition or other appropriate pleadings to declare rights, status and other equitable or legal relations. . . ."

Section 87-10 F.S.A. provides:

> "When declaratory relief is sought, all persons may be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard. . . ."

It must follow, therefore, that the allegations of the bill are not sufficient to enable the court to grant a declaratory decree, nor are the circumstances alleged such as to justify the court in appointing a receiver independently of other relief.

The motions of the defendant, the city of Miami Beach and the defendant transportation companies to dismiss are granted with right of the plaintiffs to file an amended bill within the time allowed by the statutes or rules of court.